## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARY BONNECAZE, JIM RUNDELL | * | CIVIL ACTION |
| AND SHARON RUNDELL, AS HEIRS | * | |
| OF THE ESTATE OF JOEL RUNDELL | * | NO. |
| | * | |
| **VERSUS** | * | SECTION "____" |
| | * | |
| | * | |
| EZRA & SONS, LLC,  KEVIN GRIFFIN | * | MAGISTRATE " _____ " |
| AND TOM DRUMMOND | * | |
| | * | |

## COMPLAINT

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF LOUISIANA:

NOW INTO COURT, comes Petitioners Cary Bonnecaze, and Jim Rundell and Sharon Rundell, as heirs of the Estate of Joel Rundell, through undersigned counsel, for its Complaint allege as follows:

## PARTIES

1.

Cary Bonnecaze is a natural person residing in Baton Rouge, Louisiana.

2.

Jim and Sharon Rundell are natural persons residing in Baton Rouge, Louisiana and appear herein as heirs of the Estate of their late son, Joel Rundell.

3.

On information and belief, Defendant Ezra & Sons, LLC (hereinafter "Ezra") is a limited liability company organized under the laws of the State of Louisiana and having its principal place of business at 1053 W. Tunnel Boulevard, Houma, Louisiana.

4.

Kevin Griffin is an adult resident of Los Angeles, California.

5.

Thomas Drummond is an adult resident of the State of Louisiana.

6.

Plaintiffs seek declaratory and other relief pursuant to the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202 and the Lanham Act, 15 U.S.C.A. §§ 1051 to 1141n.

## JURISDICTION AND VENUE

7.

This Court has personal jurisdiction over Ezra, Griffin and Drummond because they are either domiciled or doing business in this judicial district and this Court has jurisdiction over the subject matter pursuant to 15 U.S.C.A. § 1121 and 28 U.S.C.A. §§ 1331, 1332, 1338, 2201 and 2202.

8.

Venue is proper in this district pursuant to 28 U.S.C.A. §§ 1391, 1400.

## HISTORICAL SYNPOSIS

9.

On if not before July 1, 1988, Kevin Griffin, Cary Bonnecaze, Tom Drummond and Joel Rundell performed together in a band as individuals under the name "Better Than Ezra."

10.

As band mates, "Better Than Ezra" produced its first studio album in late 1989 or early 1990, entitled *"Surprise;"* "Better Than Ezra."

11.

The album was sold in cassette format (the "*Surprise* Master") at retail establishments throughout the region and packaged as displayed in Exhibit 1, which is incorporated herein.

12.

Better Than Ezra went on to develop a significant following and the band members toured the United States, playing songs which included those contained on the *Surprise* Master.

13.

Sadly, Joel Rundell passed away on or about August 8, 1990.

14.

After Joel Rundell's passing, Cary Bonnecaze, Kevin Griffin and Tom Drummond continued with the band and eventually Better Than Ezra produced and released its second studio album during 1994 entitled "*Deluxe;*" "Better Than Ezra."

15.

*Deluxe* sold successfully and as a result of its success, the band members obtained national distribution through Electra Records on February 1, 1995.

16.

In the contract with Electra Records, Griffin, Drummond and Bonnecaze acknowledged that they were professionally known as a band by the name "Better Than Ezra."

17.

After coming under contract with Electra Records, the band members, who performed under the name "Better Than Ezra," went on to tour and play at venues throughout the United States, in Europe and the Far East.

18.

The band members appeared on nationally televised shows, interviews and promoted merchandise bearing the name of the band, "Better Than Ezra."

19.

The name "Better Than Ezra" was used by the band members to such an extent that common law trademark rights to the name developed by virtue of its acquired secondary meaning through the sale of records, live performances and sales of merchandise.

20.

In February 1995, Cary Bonnecaze disassociated himself from the band and litigation ensured in the United States District Court for the Eastern District of Louisiana, in the matter captioned:   *BTE, ET CIE, LLC, Kevin M. Griffin and Tom M. Drummond, III v. Cary R. Bonnecaze,* Civil Action No. 97-3644.

21.

The federal lawsuit was eventually settled in August of 1999 through the parties' execution of a Consent Judgment. The Consent Judgment entered into between Bonnecaze, Griffin and Drummond is adopted as if fully recited herein.

22.

As will appear from reference to the Consent Judgment, Cary Bonnecaze was awarded ownership of the *Surprise* Master, the Band's first studio album, as part of the settlement with unlimited rights of exploitation provided he gave Griffin and Drummond at least thirty (30) days notice of his intent to do so.

4

23.

The year 2014 marks the 25th anniversary of the band members' initial release of "Better Than Ezra" "*Surprise.*"

24.

In anticipation of a 25th anniversary re-release, Michael D. Bergeron, representative for Griffin and Drummond (Exhibit 2) was contacted on April 30, 2013 and advised of Bonnecaze's intention to re-release "*Surprise*" "Better Than Ezra" as a 25th anniversary re-release. Later through several email exchanges which took place between May 22, 2014 and July 3, 2014 Bonnecaze's plan to re-release or re-issue *Surprise* was discussed without objection. (See Exhibit 3 consisting of three (3) pages).

25.

At no time was any protest received from Griffin or Drummond. In fact, on July 3, 2014, their representative Michael Bergeron, after being asked if he had any questions about the re-release, stated "Seems pretty clear to me."

26.

Early in 2014, Bonnecaze entered into an agreement with Jim and Sharon Rundell, as heirs of Joel Rundell, authorizing Bonnecaze to re-issue the record under a profit-sharing agreement with the late band member's family.

27.

On July 31, 2014, more than one (1) year after Griffin and Drummond's representative was first notified of Bonnecaze's and Rundell's intent to release "Better Than Ezra" "*Surprise*" as a 25th anniversary edition, Griffin and Drummond, ostensibly on behalf of "Better Than Ezra," had their attorney send a letter stating that all efforts to re-release *Surprise* should immediately

cease and desist and that the re-release constituted a violation of a trademark owned by Better Than Ezra and "infringes upon the rights of Better Than Ezra in respect thereof." (See Exhibit 4).

28.

"Better Than Ezra" ("BTE") has no trademark or service mark registered with the USPTO.

29.

Cary Bonnecaze received the *Surprise* Master as part of his settlement with Kevin Griffin ("Griffin") and Tom Drummond ("Drummond") when Cary Bonnecaze left the Band. He was specifically granted the right to exploit the *Surprise* Master as a part of the settlement agreement.

30.

The *Surprise* Master had been previously released by BTE on a regional basis and the pending re-release utilizes the same credits, artwork, title and attributions as were identified with the original release with the exception that the re-release specifically identifies itself in a prominent manner that it is a re-release of BTE's first studio album and that it is a 25th Anniversary Edition containing performances from the four original band members. (See Exhibit 5).

31.

Griffin, Bonnecaze, Drummond, and Rundell are the recognized writers.

32.

No song has been re-mixed or re-arranged. The original release contained, as does the pending re-release, the following statement: "ALL SONGS ARRANGED BY BETTER THAN EZRA."

33.

Further, until Griffin and Drummond were directed earlier this year to cease violation of Bonnecaze's exclusive right under the Copyright Act to stream the *Surprise* Master by electronic means, the *Surprise* Master was predominantly displayed along with all other BTE albums on the official Better Than Ezra website maintained by Griffin and Drummond.

34.

The current presentation of the *Surprise* Master is indistinguishable from any other "re-release" or "re-issue" that commonly takes place in the record industry.

35.

Bonnecaze's and the Rundells' use of the words "Better Than Ezra" on the cover of the *Surprise* Master is authorized under the agreement whereby Cary Bonnecaze acquired Kevin Griffin and Tom Drummond's interest in the *Surprise* Master.

36.

Furthermore, Bonnecaze's and Rundells' use of the words "Better Than Ezra" on the packaging of the *Surprise* Master is protected free speech because it is in all respects truthful.

37.

Bonnecaze's and Rundells' use of the words "Better Than Ezra" on the packaging of the *Surprise* Master is also permissible because Cary Bonnecaze and the heirs of Joel Rundell are co-owners of the common law trademark/service mark "Better Than Ezra" and "BTE."

38.

Importantly, after sending their letter on July 31, 2014, Griffin and Drummond ostensibly on behalf of "Better Than Ezra" lodged a complaint with Face Book which resulted in the

removal of all on-line content concerning the promotion of the re-release.

39.

Griffin and Drummond have threatened other action through their attorney which includes taking action to cause iTunes to remove the offering from its catalog of music for sale to the public. Additionally, threats have been made to contact retail sellers of the *Surprise* Master alleging trade mark infringement claims which will cause the entire project to fail.

40.

Griffin and Drummond's claim of trademark protection likely arises out of a registration they caused to be filed with the USPTO on July 10, 2010 by Ezra & Sons, LLC which alleges it has used the words "Better Than Ezra" and "BTE" in commerce since July 15, 1988.

41.

Ezra & Sons, LLC filing was registered by the USPTO on January 18, 2011.

42.

Ezra & Sons, LLC alleges in its trademark claim that its first and actual use in commerce of the marks associated "Better Than Ezra" and "BTE" began on July 15, 1988.

43.

A search of the Secretary of State for the State of Louisiana reflects that Ezra & Sons, LLC was not organized until October 8, 1998.

44.

Bonnecaze and the Rundells assert nationwide priority as individual users of the names "Better Than Ezra" and "BTE" based on historical information, corporate filing, contracts entered into by Griffin, Bonnecaze, Drummond and Rundell to identify their professional identity.

45.

The words "Better Than Ezra" and "BTE" were also used as identifiers associated with BTE, Et CIE, LLC, Ezra Dry Goods, Ltd., and BTE Touring, Inc., before Ezra & Sons, LLC was ever organized.

46.

Griffin, Drummond and Ezra & Sons, LLC fraudulently reported to the USPTO that it owned the marks and had exclusive right to use the marks, and that no one else had the right to use the marks.

47.

Griffin and Drummond also fraudulently reported that Ezra & Sons, LLC and no other party had the right to use the applied for marks in their identical form even though they knew that at least three other distinct business entities were in fact using the applied for mark.

48.

Griffin, Drummond and Ezra & Sons, LLC also fraudulently reported that the facts recited in the application submitted to the USPTO were true when they as individuals knew that they were not.

## COUNT I

### Demand For Cancellation of Registration

49.

Because the fraudulent statements made by Griffin, Drummond and Ezra & Sons, LLC were made with the intent to defraud the USPTO, Bonnecaze and Rundell request this Court order cancellation of Registration Nos. 3907991 and 3907993 as of the filing date of such applications, all in accordance with 15 U.S.C.A. § 1119.

## COUNT II

### Declaratory Judgment of Noninfringement

50.

The Plaintiffs incorporate the foregoing paragraphs as if fully recited herein.

51.

Based on the facts associated with Defendants' fraudulent registration statements, the fact that Bonnecaze and Rundell have the right to use the identifier "Better Than Ezra" in connection with the *Surprise* Master as a fair use, that Bonnecaze has contractual rights to the identifier "Better Than Ezra," and that Bonnecaze and Joel Rundell's estate has common law rights to the identifier "Better Than Ezra."  This Court should issue declaratory judgment that no claim of infringement exists if the registrations are allowed to subsist.

## COUNT III

### Trademark Infringement by Ezra & Sons, LLC

52.

The Plaintiffs incorporate the foregoing paragraphs as if fully recited herein.

53.

In the alternative, and on the assumption that this Court does not cancel the registration of Ezra & Sons, LLC based upon the instances of fraud recited herein, there is a likelihood of confusion between the marks Ezra & Sons, LLC has registered and the Plaintiffs common law right in the marks "Better Than Ezra" and "BTE."  The Plaintiffs assert that Ezra & Sons, LLC has infringed the Plaintiffs' common law rights.

54.

Plaintiffs common law rights in "Better Than Ezra" are prior in time to Ezra & Sons, LLC's rights (if any) in the marks "Better Than Ezra" and "BTE."

55.

Therefore, Ezra & Sons, LLC has created a likelihood of confusion by coming too close to a senior mark.

**WHEREFORE**, Plaintiffs pray:

1.      The Court cancel all registrations filed by or on behalf of Ezra & Sons, LLC.

2.      The Court rule that Ezra & Sons, LLC has infringed the Plaintiffs' rights per 15 U.S.C.A. § 1114.

3.      The Court rule that Plaintiffs are the lawful proprietors of the trademarks/service marks "Better Than Ezra" and "BTE."

4.      The Court enjoin Ezra & Sons, LLC's use of "Better Than Ezra" and "BTE."

5.      The Court order Ezra & Sons, LLC to pay monetary damages, attorney's fees, and costs to Plaintiffs.

6.      The Court grant Cary Bonnecaze and the Rundells as heirs of the Estate of Joel Rundell, such other relief for Ezra & Sons, LLC's infringement as the Court deems just.

RESPECTFULLY SUBMITTED:
THE MAUGHAN LAW FIRM
/s/ Roy H. Maughan, Jr.
ROY H. MAUGHAN, JR., #17672
NAMISHA D. PATEL, #31911
634 CONNELL'S PARK LANE
BATON ROUGE, LOUISIANA 70806
TELEPHONE: (225) 926-8533

Attorneys for Plaintiffs Cary Bonnecaze, Jim Rundell and Sharon Rundell, As Heirs of the Estate of Joel Rundell