**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CARY BONNECAZE, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-1774** |
| **EZRA & SONS, LLC, ET AL** | **SECTION: "B" (4)** |

**ORDER**

Before the Court is Defendants' **Motion to Disqualify Roy Maughan, Jr. and the Maughan Law Firm as Counsel (R. Doc. 52)** seeking an Order to disqualify Roy Maughan Jr., Plaintiffs' counsel in the matter, and his law firm, The Maughan Law Firm. The motion is opposed. *See* R. Doc. 58.

## I. Background

Cary Bonnecaze, Jim Rundell and Sharon Rundell, as heirs on the behalf of Joel Rundell, (collectively, "Bonnecaze") filed this action against Ezra & Sons, LLC, Kevin Griffin, and Tom Drummond (collectively "Ezra & Sons") on August 1, 2014. As bandmates, Griffin, Bonnecaze, Drummond and Rundell performed as the group "Better than Ezra" and released their first album *Surprise* in early 1990. R. Doc. 1, p. 2. Rundell passed away on August 8, 1990. *Id.* at 3. The other members of the band continued to perform and released their second album, *Deluxe*, in 1994. *Id.* However, in February 1995, Bonnecaze disassociated himself from the band and his former band members sued him for breach of contract. Bonnecaze claims that he received ownership of the *Surprise* master as a part of the settlement agreement in that litigation. *Id.* at 4.

Bonnecaze alleges that 2014 marked the 25th anniversary of the release of *Surprise*. In anticipation of the anniversary, Bonnecaze contacted representatives of his former bandmates, Griffin and Drummond, and advised that he intended to re-release the album to which Bonnecaze

claims that they did not object. Bonnecaze states that the re-release is the same as the original and that it has not been re-mixed or re-arranged. *Id.* at 6.

More than a year later, Bonnecaze alleges that Griffin and Drummond's representatives sent him a letter to cease and desist the re-release because it constituted a violation of a trademark owned by Better than Ezra ("BTE"). Griffin and Drummond also lodged a complaint with Facebook, which resulted in the removal of all album promotion on Facebook, and threatened to contact iTunes to remove the album from its catalog. *Id.* at 8.

Bonnecaze now seeks a declaratory judgment of non-infringement and also asserts a trademark infringement claim against Ezra & Sons. *Id.* at 9. Ezra & Sons also asserts a counterclaim against Bonnecaze for copyright and trademark infringement and false representation. *See* R. Doc. 9.[1] Having outlined the factual background, the Court will now turn to the instant motion.

As to the instant motion, Defendants argue that Roy Maughan, Jr. and his firm should be disqualified from the action because Maughan is a necessary fact witness and a real party in interest. Defendants maintain that Maughan financed studio expenses and promotion costs for the album and is set to recover a portion of the net profit. R. Doc. 52, p. 1. Further, only Maughan knows of the amount of money that was invested into the album and damages cannot be determined without his testimony. R. Doc. 52-3, p. 1.

In response, Plaintiffs maintain that their counsel should be not disqualified because: (1) he is not a party in the action; (2) he is not a necessary witness because he does not possess information that is not available from another source; (3) any information that he has is protected

[1]In particular, Ezra & Sons claims that they are currently are the owners of the trademark "Better than Ezra." R. Doc. 9. Further, they claim that Bonnecaze is misrepresenting that 2014 is the 25th anniversary of the release of the album Surprise to cause confusion in the marketplace. *Id.* at 10.

by attorney-client privilege; and (4) disqualification would result in substantial hardship to Plaintiffs as they would be required to hire new counsel likely resulting in a delay of trial. R. Doc. 58, p.

## II. Standard of Review

"Disqualification cases are governed by state and national ethical standards adopted by the court." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001) District courts faced with a motion to disqualify must apply the ethical standards of the district court, the state in which the district court sits, and the national standards adopted by the Fifth Circuit. *Id.* The Eastern District of Louisiana has adopted the Louisiana Rules of Professional Conduct as the local ethical standards. LR 83.2.3. "The Fifth Circuit has recognized the ABA Model Rules of Professional Conduct . . . as the national standards to consider in reviewing motions to disqualify." *Id.* The Louisiana Rules of Professional Conduct and the ABA Model Rules are, for all relevant purposes, identical. *Horaist*, 255 F.3d at 266 (finding that since, the Local Rules, the Louisiana Rules and the ABA Model Rules of Professional Conduct are identical, the Court cites to the Louisiana Rules for the sake of consistency).

Courts should not mechanically apply the rules of disqualification. *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304,1314 (5th Cir. 1995). Instead, "court[s] must take into account not only the various ethical precepts adopted by the profession but also the social interests at stake." *Id.* "All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights." *Id.* The Court reviews motions to disqualify "with fairly strict scrutiny. Although any doubts are to be resolved in favor of disqualification, the party seeking disqualification bears a heavy burden of demonstrating that disqualification is necessary." *Id.*

## III. **Analysis**

Defendants argue that Roy Maughan Jr., Plaintiffs' counsel, should be disqualified because he is engaged in a joint-venture agreement with his clients that entitled him to collect 50% net profits and reimbursement for the costs he advanced. R. Doc. 52, p. 2. As a result, Defendants contend that he is not only a necessary witness but also a real party in interest. Maughan financed and invested in the distribution of the album, stands to profit from its re-release and recoup his costs. *Id.* Therefore, he is a necessary witness who is best positioned to testify about the projected sales from the subject project. *Id.* at 4.

Plaintiffs oppose the subject motion on several grounds: (1) Maughan is not the only source of information on damages; (2) his testimony would be limited to the amount of his investment; and (3) disqualification would disrupt the current trial date. R. Doc. 58, p. 2-3.

As noted above, this Court's Local Rules have adopted the Louisianan State Bar Association Rules of Professional Conduct within Local Rule 83.2.3 However, "local rules are not the 'sole' authority governing motions to disqualify counsel," and the "norms embodied in the Model Rules and Model Code are relevant." *F.D.I.C.*, 50 F.3d at 1312. Nevertheless, the lawyer-as-witness rules of the Louisiana Rules of Professional Conduct and the ABA Model rules are similar. Specifically, Rule 3.7(a) of the Louisiana Rules of Professional Conduct and ABA Model Rule 3.7(a) provide in pertinent part as follows: (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

Notably, the lawyer-as-witness rule is not implicated unless the lawyer is "likely to be a necessary witness." A necessary witness is one whose testimony is "relevant, material, and

unobtainable elsewhere." *See* ABA Annotated Model Rules of Professional Conduct 384–85 (5th ed. 2003); *see also* Restatement (Third) of the Law Governing Lawyers § 108 cmt. (2000)(stating that disqualification is necessary is the lawyer's testimony is material to establishing a claim or defense of the clients). "A lawyer is not 'likely to be a necessary witness' when evidence pertaining to each matter to which he could testify is available from another source." *U.S. v. Starnes*, 157 Fed.Appx. 687, 693–94 (5th Cir. 2005); *see also Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 267 (5th Cir. 2001) (concluding that lawyer was not a necessary witness because lawyer's potential testimony was cumulative of other witnesses' potential testimony).

For example, in *Spotted Cat, LLC v. Bass*, 2014 WL 4072024 (E.D. La. Aug. 18, 2015), the Court determined that the attorney was likely to be a necessary witness at trial.[2] There, Plaintiffs operated a restaurant in an office building and in preparation of Hurricane Isaac attempted to preserve its food supply in the event of a power outage. *Id.* at * 1. After the office building lost power, their counsel, on Plaintiffs' behalf, attempted to access the building to start the restaurant's generators. *Id.* However, Defendant prevented him from doing so. *Id.* In holding that the attorney was a necessary witness, the Court reasoned that the attorney and Defendant "may have been the only individuals to observe the entire exchange." *Id.* at *3. Further, "not only is [counsel's] testimony likely to be relevant and material, the Court cannot imagine how Plaintiff could possibly hope to prove its liability case without [counsel's] testimony." *Id.*; *cf Nguyen v Louisiana State Board of Cosmetology,* 2014 WL 6801797, at *1 (M.D. La. Dec. 2, 2014) (holding that counsel was not a necessary witness because the Plaintiff identified several other witness that would render the counsel's testimony cumulative).

[2]After determining that he was a necessary witness, the Court turned to the three factors outlined in Rule 3.7. *See id.* at *3.

Maughan is the attorney for Plaintiffs in this matter. It is uncontested that he invested in the production and re-release of the Better-than-Ezra 25th anniversary album. While he may have information regarding damages, James Barber has been identified as Plaintiffs' damages expert. Since there have been no profits from the sale, Maughan might be entitled to reimbursement for what he advanced his clients for the project. However, as recipients of the advance, his clients would be able to testify about the amount received. Additionally, Becky Marcus, of Liaison Records, marketed and distributed the album and would also be able to testify about sales. She would further have additional information about the facts of the case. Based on the foregoing, the Court finds that Maughan is not a necessary witness. Therefore, disqualification is unwarranted.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Disqualify Roy Maughan, Jr. and the Maughan Law Firm as Counsel (R. Doc. 52)** is **DENIED**.

New Orleans, Louisiana, this 13th day of May 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**