UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARY BONNECAZE, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-1774** |
| **EZRA & SONS, LLC, ET AL** | **SECTION: "B" (4)** |

### ORDER AND REASONS

The Plaintiffs, Cary Bonnecaze, Jim Rundell, and Sharon Rundell, as heirs of the estate of Joel Rundell (collectively, "plaintiffs"), have filed a **Motion for Award of Attorneys' Fees (R. Doc. 90)** pursuant to Federal Rules of Civil Procedure ("Rule") 37. The motion was filed pursuant to the Court's Order (R. Doc. 79) in which it awarded reasonable attorneys' fees pursuant to Federal Rule of Civil Procedure 37. The Plaintiffs seeks to recover attorneys' fees in the amount of $2,400. The motion is opposed. *See* R. Doc. 92. The motion was heard without oral argument.

### I.     Background

On August 4, 2014, the plaintiffs filed a complaint against all defendants, Ezra & Sons, LLC, Kevin Griffin, and Tom Drummond (R. Doc. 1). The Plaintiffs alleged Ezra & Sons, LLC infringed on the Plaintiffs' rights pursuant to 15 U.S.C.A. § 1114, and the Plaintiffs are the lawful proprietors of the trademark/service marks "Better Than Ezra" and "BTE." (R. Doc. 1).

On February 11, 2016, the Plaintiffs filed a motion to compel specific documents pursuant to a Notice of Deposition and Subpoena *Duces Tecum* served on Griffin through his counsel of record, which he failed to produce at his deposition on February 3, 2016. (R. Doc. 50). On March 28, 2016, the motion to compel was granted and the Defendant was required to produce responsive documents no later than ten (10) days from signing of the Court's order. The Court further found

that an award for attorney's fees was appropriate and directed the Plaintiff to file the subject motion.

On April 11, 2016, the Plaintiff requested attorney's fees pursuant to Federal Rule of Civil Procedure ("Rule") 37, in the amount of $2,400.00. The Defendants filed a response in opposition to the motion on April 13, 2016, challenging the time billed for the work performed. (R. Doc. 92).

**II.   Standard of Review**

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by "… the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate [.]" *Id.* The lodestar calculation, "...provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson. Watkins v. Forcide*, 7 F.3d 453 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is deemed to be a reasonable calculation and should be modified only in exceptional circumstances. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended", and

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

demonstrating the use of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Creecy* 548 F. Supp. at 286.

### III. Reasonable Hourly Rate

As proof of the reasonableness of the rates charged, the Plaintiffs submitted an affidavit of Roy H. Maughan Jr., who is a partner at Maughan Law Firm, and Namisha D. Patel, who is an associate attorney at Maughan Law Firm. The Plaintiffs also provided an itemized billing sheet with each attorney's rates and fee charged.

In the instant case, the Defendants concede that the hourly rates charged are reasonable. (R. Doc. 92). Therefore, "when the rate is not contested, it is *prima facie* reasonable*.*" *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995). Since the hourly rate is not in dispute the Court finds that $200 an hour for associate attorney Namisha Patel and $250 an hour for partner Roy H. Maughan Jr. are reasonable.

### IV. Hours Reasonably Expended on Litigation

Next, the Court must determine whether 11.5 hours of time were reasonably expended on the litigation. The party seeking a fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* The Supreme Court calls on fee applicants to make request that demonstrate "billing judgment". *Id.*

#### A. Block Billing

In the instant case, the billing invoice attached to the Plaintiffs' application has been grouped as follows: preparation of motion to compel; memorandum in support and certification of conference; research on the law for the memorandum; e-mail to and from opposing counsel re

filing of the motion to compel; reviewed Kevin Griffin's deposition for exhibits to the motion to compel; and filed motion to compel were task "block billed". Multiple transactions were listed as one entry totaling in the amount of (4.00) hours billed by Namisha Patel.

The only entry of work done in conjunction with the motion to compel that was not block billed was submitted on 2/11/2016. It was an entry for (1.0) hours and it was billed by Roy Maughan Jr. for the "review of and finalized motion to compel", which the Court deems reasonable.

However, Namisha Patel, who combined multiple tasks without differentiating between each transaction listed denotes "block billing", which is a practice disfavored by the Courts. "*Creecy v. Metropolitan Property and Cas. Ins. Co.*, 548 F. Supp. 2d 287 (E.D. La. 2008). The use of "block billing" prevents the Court from being able to conduct a proper analysis of the time actually spent on each of the transactions listed, and "it is not in the province of the Court to approximate how much time was spent on the motion to compel." *Id.* Given the above analysis, the Court finds that "billing judgment" was not exercised and (4.00) hours are unreasonable. Therefore, the Court will discount the time billed by 50% and award (2.00) hours.[2]

B. **Motion to Fix Attorney's Fees**

Plaintiffs also seek to recover cost for "preparation of motion to fix attorney's fees in connection with the court's order on motion to compel. The fee entry submitted by Roy Maughan Jr, on 4/8/2016 requesting (1.0) hour for "review of motion to fix attorney's fees", is found by the Court to be reasonable.

---

[2] *Teles v. Liberty Mut. Fire Ins. Co.*, No. 06-11250, 2008 WL 425534 at * (E.D. La. Feb. 12, 2008) (holding that 1.5 hours to prepare a motion to compel for one attorney and 2.0 hours to prepare a motion to compel for another attorney, including communication regarding late discovery, drafting, revising, and filing, was reasonable)

Namisha Patel has billed (4.0) hours for the "preparation of motion to fix attorney's fees in connection with the Court's order on motion to compel, memorandum and affidavits"; and (1.5) hour for the "review of reviewed and finalized motion to fix attorney fees and filling the same with the court". The total amount billed was (5.50) hours. The Court finds that billing judgment was not exercised and that (5.50) hours is excessive for a 12 page motion to fix attorney's fees. *See Daggs v. Lexington Ins. Co.*, No. 07-7991, 2009 WL 5171392 at *2 (E.D. La. Dec. 17, 2009) (holding that 1.2 hours to prepare a motion to fix attorney's fees is reasonable for a 14 page motion to fix attorney's fees). Hence, the Court will deduct (4.3) hours and award Namisha Patel (1.2) hours for task related to motion to fix attorney's fees.

The Court will award Namisha Patel (3.2) hours at an hourly rate of $200.00 for an amount of $640.00 and Roy Maughan Jr. (2.0) hours at an hourly rate of $250.00 for an amount of $500.00. The total amount awarded for attorneys' fees is $1,140.00

## V. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Award of Attorneys' Fees (R. Doc. 90)** is hereby **GRANTED** and that it is awarded reasonable attorneys' fee in the amount of **$1,140.00** to be paid by the Defendants no later than **twenty-one (21) days** from the signing of this Order.

New Orleans, Louisiana, this 21st day of July 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**